## Shedlock *v.* Wyoming Valley Autobus Company, Appellant.

Argued December 2, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Ben. R. Jones, Jr.,* with him *Frank P. Slattery* and *Paul Bedford,* for appellant.

*Henry Thalenfeld,* with him *E. F. McGovern,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1941:
Michael Shedlock and Sophie Shedlock, husband and wife, instituted suit in trespass to recover for injuries allegedly sustained by the wife while she was a passenger in an autobus operated by Wyoming Valley Autobus Company, appellant. Before trial, Mrs. Shedlock died from her injuries and the husband was substituted of record as administrator of her estate. The trial before the court below and a jury terminated in verdicts for Michael Shedlock of $3,000 in his own right and $1,750 as administrator, whereupon appellant moved for judgment n. o. v. which was refused. The sole question on this appeal, taken from the judgment entered for the husband in his own right, is whether, as the court below held, the evidence presented a case for the jury.

On September 28, 1937, a clear, dry day, Mrs. Shedlock boarded appellant's Wilkes-Barre to Old Forge autobus at Public Square, Wilkes-Barre, and seated her-

self in the middle of the first crosswise seat, on the right side of the bus. According to the testimony of one Mrs. Hannum, who occupied the seat directly behind Mrs. Shedlock, when the bus reached a point on Kulp Street, Wilkes-Barre, fifty feet beyond the intersection of Kulp Street with Franklin Street, moving at a speed of twenty miles per hour, it swerved sharply to the left and stopped so suddenly that Mrs. Shedlock, who was 5 feet 6 inches in height and weighed 190 pounds, was thrown completely out of her seat and forward against an iron bar, six feet away, at the front of the bus, suffering the injuries which, as the verdict of the jury establishes, subsequently, on June 27, 1938, resulted in her death. While it does not appear that any of the other passengers were thrown from their seats, the witness, Mrs. Hannum, testified that she was thrown forward and that the other passengers were "shaken up" by the abruptness of the stop.

Accepting as true this evidence as to the manner of operation of the bus and its effect upon the wife, as we must, it is clear that it made out a prima facie case on the question of appellant's negligence and, in the absence of evidence satisfactorily showing that the sudden stop was unavoidable in the exercise of the high degree of care required of appellant for the safety of its fares (*Hughes et ux. v. Pittsburgh T. Co. et al.,* 300 Pa. 55; *O'Malley v. Laurel Line Bus Co.,* 311 Pa. 251), would, of itself, be sufficient to support the verdict. See *Tilton v. P. R. T.,* 231 Pa. 63, 65; *Smith et ux. v. Pittsburgh Rys. Co.,* 314 Pa. 541, 544; *Endicott v. P. R. T.,* 318 Pa. 12, 14; *Bickel v. Reed,* 118 Pa. Superior Ct. 335. This is not inferring negligence on the part of appellant from the mere happening of the accident; it is a proper application of the principle that "where the thing which causes the injury is shown to be under the management of the defendant, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant,

that the accident arose from want of care": *Murray v. Phila. & R. Ry. Co.*, 249 Pa. 126, 133. Appellant recognizes this principle but takes the position that, assuming the evidence of an unusual and extraordinary stop was sufficient, as we hold, to permit of an inference of negligent operation, in the absence of *any* explanation on appellant's part, "at the most [appellant] is only called upon to explain the necessity for such stop" and that "the necessity for the stop was so fully explained and justified that the court below should not have submitted any question of negligence to a jury."

In the presentation of its side of the case, appellant called the operator of the bus who testified that he was driving at twelve to fifteen miles per hour and that after he had passed the intersection with Franklin Street, he saw two cars parked against the right curb of Kulp Street; that when the bus was directly opposite the rear parked car and about six feet from the front parked car, the latter "swung out," as he testified, or "slowly started out," as another witness testified, and that he swerved to the left and stopped to avoid a collision. He testified that the stop, while sudden, was not violent and that no one except Mrs. Shedlock was affected by it, but admitted that if Mrs. Shedlock was thrown, as testified, it was due to the manner of stopping the bus and not to any collision with the automobile. Upon examination it was found that the automobile had barely scraped the side of the bus; when asked whether the contact was violent, the driver testified: "No, You would never know they came together. . . . I had slight brush marks on the side of the bus, but he had so many in his fender you couldn't tell whether I did it or not." The testimony of two passengers called by appellant was largely corroborative of that given by the driver.

While it is true that this testimony, relied upon by appellant as justifying and accounting for the violent and unusual stop of its bus, was not contradicted, much of the testimony of these same witnesses was flatly con-

tradictory of that given by appellee's witness in important particulars. The driver of the bus, an obviously interested witness, testified not only that the stop of the bus "wasn't sudden" and that the speed at which it was being operated was only twelve to fifteen miles per hour, but he also testified, as did the other witnesses, that Mrs. Shedlock was not thrown forward by the stopping of the bus but that, preparatory to getting off or fearful of an impending collision, she voluntarily left her seat and jumped or ran forward and caught the iron bar with her hands. Clearly a jury could not be said to act capriciously in concluding that if appellant's witnesses were mistaken in those particulars they might have been mistaken in other matters as well. In cases of this character there is no room for assumption that, if the facts were not as testified by the witnesses on one side, the other side would have denied it; as the negligent act complained of is one which, in the nature of things, the defendant reasonably would be expected to be able to account for and the plaintiff would not be, nothing can be taken against the plaintiff because of failure to testify in contradiction. In such instances, the general rule that when proof of a fact depends upon oral testimony it is exclusively the province of the jury to decide, under instructions from the court as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if the verdict is deemed contrary to the weight of the evidence, is particularly applicable: *Cahill v. P. R. T.,* 52 Pa. Superior Ct. 561. See also *Nanty-Glo Boro. v. Amer. Surety Co.,* 309 Pa. 236; *Title Guaranty Co. v. Barone,* 319 Pa. 499, 503; *Fisher v. Pomeroy's, Inc.,* 322 Pa. 389, 392; *Osche v. New York Life Ins. Co.,* 324 Pa. 1, 6. Thus, even conceding the adequacy of appellant's exculpatory evidence, if believed, to relieve it of the charge of negligent operation, the case was, nevertheless, clearly one for the jury. The trial judge's instructions to the jury that "if you believe [defendant's] version of the way this accident

happened *or* the injury was received by Mrs. Shedlock, if you believe that by the clear weight of the credible testimony, then you would be justified and it would be your duty in finding the defendant not negligent," was manifestly most favorable to appellant's side of the case.

After a careful review of the record, we have concluded that, for the reasons given, this case was properly submitted to the jury in an unexceptionable manner of which appellant cannot justly complain, and that we would not be warranted in setting aside the verdict by declaring as a matter of law that no liability attached to appellant.

Judgment affirmed.