## Ondrusek, Admr., Appellant, *v* Zahn.

Submitted March 27, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused May 7, 1947.

*Richard P. Steward,* for appellant.

*Lee Whitmire, Jr.,* and *Swaney & Lucas,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, April 14, 1947:

However distressing an accident may be, especially if it involves the death of a child, there cannot be any recovery of damages unless there is proof of negligence on the part of the person alleged to be responsible. In the present instance no such negligence was shown.

In the Borough of New Brighton at the northeast corner of Penn Avenue and Sixth Street (Penn Avenue running north and south and Sixth Street east and west) there is a public school building which sets back some twenty feet from the Penn Avenue sidewalk; in front of it is a terraced lawn of that width. On November 28, 1944, Robert Ondrusek, a boy aged 5½ years, who was a pupil in the kindergarten class, came out of the school building between 2.30 and 3.00 o'clock together with another little boy and accompanied by the school

janitor, Dudley Smith. All the other pupils, as well as the teachers, had left some time before. Robert's teacher had asked Smith to see that these two children got on a bus which, running south on Penn Avenue, would take them to their homes. The bus stop was at the northwest corner, so Smith took the boys across Penn Avenue and there they stood waiting for the bus to appear. As Smith stepped out into the roadway to look for the bus the children ran back to the northeast corner and up on the terrace; there, for a minute or two, they romped around on the lawn. Smith started after them in order to bring them back; as he was re-crossing the street for that purpose defendant's truck came up along the easterly side of Penn Avenue and across Sixth Street. Apparently at that time the bus appeared in sight, for Robert shouted: "Here comes the bus," and both boys started to run down the terrace and across the sidewalk. Smith called to them to "stay there". The one boy halted but Robert kept on and as the truck was passing in front of him about two or three feet from the east curb and at a distance of its own length north of the intersection Robert ran into the cartway and into the right rear dual wheels of the truck. As a result of his injuries he died that night in the hospital.

Plaintiff, father of Robert and administrator of his estate, brought this suit against defendant, who was the owner and operator of the truck, seeking recovery of damages under the death and survival statutes. At the conclusion of the testimony the trial judge entered a nonsuit which the court in banc refused to take off.

We are not unmindful of the general rule that the driver of a motor vehicle must exercise the care reasonably necessary to avoid an accident when approaching a place where there is reason to apprehend that children may come into a place of danger: (*Fedorovich v. Glenn,* 337 Pa. 60, 64, 9 A. 2d 358, 360; *Dugan v. McGara's, Inc.,* 344 Pa. 460, 464, 465, 25 A. 2d 718, 720, 721). But he is not bound under all circumstances to anticipate

what a child in a place of safety on a sidewalk may do, or that such a child will suddenly dart from the side of the street and run across the street immediately in front of or into the side of his car: *McAvoy v. Kromer*, 277 Pa. 196, 199, 120 A. 762, 763; *Purdy v. Hazeltine*, 321 Pa. 459, 464, 184 A. 660, 662. Here there was no reason for defendant to apprehend that the boys who, as he approached, were on the lawn back of the sidewalk, would run down the terrace and into the roadway as he was passing. As the accident did not occur at a street crossing defendant was not obliged to have his truck under such control that he could stop it instantly to meet an unexpected emergency. Indeed it is probable that if he *had* stopped it the accident would nevertheless have happened, for Robert ran into the side of the truck at the rear and therefore if the truck had been stationary instead of in motion the result might well have been the same.

It is charged that defendant was proceeding at an undue speed. The only evidence of this was that defendant told the father that he "wasn't going more than twenty-five miles an hour". It is claimed that this amounted to an admission that he was in fact going at that rate of speed, and, if so, this was in violation of The Vehicle Code of May 1, 1929, P. L. 905, section 1002 (b) 2, which provides a limit of fifteen miles an hour for a vehicle passing a school building during school recess or while children are going to or leaving school during opening or closing hours. It is clear that this statutory restriction is intended to apply only during the periods when children are approaching or leaving the school building at the regular opening or dismissal hours, and not to each and every moment of the day when one or two stragglers may be emerging long after all the other pupils have departed. Moreover, the speed of defendant's truck had no causal relation to this accident because the unfortunate boy never came in front of it nor in its pathway and therefore the accident was not due to

any inability of defendant to stop the truck because of the speed at which it was being operated.

Some point is made of defendant's alleged failure to give warning by sounding his horn. The testimony on that point was purely negative but, in any event, the law does not oblige the operator of a motor vehicle to sound a horn between crossings unless he has reasonable apprehension to believe that some child or adult will appear in his path, or unless the conditions are otherwise such as to suggest the imminence of danger: *McAvoy v. Kromer*, 277 Pa. 196, 199, 120 A. 762, 763; *Justice v. Weymann*, 306 Pa. 88, 91, 92, 158 A. 873, 874.

Sad as was this little boy's death, it cannot, under the testimony, be charged to any negligence on the part of defendant, and therefore the trial court could not have done other than enter a nonsuit.

Order affirmed.