## Dayen et vir *v.* Penn Bus Company, Appellant, et al.

Argued September 30, 1949. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*George Y. Meyer,* with him *Samuel G. Wagner,* for
defendant, appellant.

*John Wirtzman,* for plaintiffs, appellees.

*Elliott W. Finkel,* with him *Kaplan, Finkel & Roth,*
for additional defendant, appellee.

OPINION BY MR. JUSTICE PATTERSON, November 14,
1949:

Mary H. Dayen and Philip Dayen, husband and wife,
instituted this action in trespass against Penn Bus
Company to recover damages for injuries sustained by

the wife when the bus on which she was riding as a passenger collided with a truck operated by Edgar Davis, who was brought upon the record as additional defendant. The jury returned verdicts for plaintiffs against Penn Bus Company aggregating $4,100 and found in favor of the additional defendant. Motions for new trial were denied and judgments were entered in accordance with the verdicts. These appeals followed.

The collision between appellant's bus and the Davis truck occurred at 9:00 A.M. on December 7, 1946, a clear, dry day, at the right-angle intersection of Kelly Street and Braddock Avenue in the City of Pittsburgh. Kelly Street is a "through highway" with a 37-foot wide cartway and runs east and west. Braddock Avenue is 23 feet wide from curb to curb and runs north and south. The bus, which was proceeding west on Kelly Street, collided with the right side of the Davis truck, which was proceeding north across the intersection at the time and had reached a point beyond the center line of Kelly Street at the moment of impact. It came to stop against a telephone pole at the northwest corner of the intersection, breaking it off, and the truck came to rest in the cartway of Kelly Street to the left of the bus and at an angle to it. According to a police officer who arrived on the scene shortly after the collision, there were skid marks extending from the bus to a point in the cartway of Kelly Street 40 feet from the intersection. The right front part of the bus was "caved in" upon coming in contact with the telephone pole, and the wife-appellee, who was standing on a step at the right front door of the bus because of its crowded condition, sustained painful injuries.

According to wife-appellee and her witnesses, appellant's bus was proceeding at a speed of 40 miles an hour and, without decreasing its speed as it entered the intersection, was driven into the side of the Davis truck when the truck was three-quarters of the way across the

intersection. Wife-appellee testified that as the bus approached the intersection she observed the truck was stopped at the stop sign on Braddock Avenue, and that when it started across the intersection the bus was at the middle of the block, a distance of 200 to 250 feet away. Edgar Davis, additional defendant-appellee, testified that he stopped his truck at the stop sign at the intersection; that before entering the intersecion in low gear he looked and saw appellant's bus a city block away; that upon reaching the half-way mark he looked again and observed the bus about a half block away; that, believing he had ample time to complete the crossing, he proceeded across the intersection; and that the front of the bus struck the right side of his truck when the front wheels of the truck had just about reached the northern curb line of Kelly Street. According to the version given by appellant's witnesses, the truck entered the intersection from Braddock Avenue without stopping at the stop sign when the bus was only about five feet from the intersection, and collided with the left-hand side of the bus, which was being driven along Kelly Street a distance of about twelve feet from the northerly curb line at a speed of 20 to 25 miles per hour.

It is conceded that no question of contributory negligence on the part of the wife-appellee is involved. Nor is it contended by appellant that there was no evidence to support a finding of negligence on the part of its driver which proximately caused wife-appellee's injuries, if the jury elected to disregard the testimony of its witnesses, or that the verdicts against it were excessive. Appellant admits that under the evidence the Dayens "are entitled to recover from somebody", but contends that the court below abused its discretion in refusing a new trial both as to the Dayens and Davis on the grounds (1) that the trial judge erred in charging the jury as to the duty of a bus driver on a through street at an intersection, and (2) that the verdicts against it

and in favor of the additional defendant were against the weight of the evidence.

Selecting an isolated sentence from the charge, appellant complains of the trial judge's instruction to the jury that it is the duty of a bus driver "as he approaches the corner, even when protected by a stop sign, to be highly vigilant, keep a sharp lookout ahead and have his vehicle under such immediate control and drive it at such speed that he can stop in time to avoid any danger that is likely to arise." We find no error in this, especially in view of the preceding portion of the charge as follows: "[Appellant's driver] is not required to anticipate that another motorist will violate the law, or will drive negligently, and will dart out in front of him. He has the right of way. The law gave him that because, by proper legislation, Kelly Street has been established as a through street." The Vehicle Code of May 1, 1929, P. L. 905, as amended, section 1014 (75 PS 573), gives the right-of-way to the vehicle proceeding on a through highway, but provides that this "shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way." The right-of-way of a vehicle on a through highway is a qualified one and if the driver fails to observe the ordinary precautions in regard to speed and control of his vehicle and keeping a lookout for cars approaching an intersection, he may nevertheless be held to be negligent: *Maio v. Fahs,* 339 Pa. 180, 185-186, 14 A. 2d 105. He must be reasonably vigilant to observe traffic conditions on the intersecting highway, and if he carelessly ignores the approach of a vehicle after he sees, or should have seen, that it has not in fact stopped before entering the through highway he is thereby guilty of negligence:

*Schall v. Penn Transit Co.,* 352 Pa. 129, 132, 42 A. 2d 278; *McCormick Transportation Co. v. Philadelphia Transportation Co.,* 161 Pa. Superior Ct. 533, 537, 55 A. 2d 771. Moreover, it must not be lost sight of that the relation between appellant and wife-appellee was that of common carrier and passenger for hire, with the result that the duty of care imposed upon its driver must be judged by a much stricter standard than in the case of an ordinary motorist. While a common carrier for hire is not an insurer of the safety of its passengers, it must exercise at all times the highest degree of care, vigilance and precaution in their transportation: *Petri v. Pittsburgh Rwys. Co.,* 328 Pa. 396, 400, 195 A. 107; *Archer v. Pittsburgh Rwys. Co.,* 349 Pa. 547, 548, 37 A. 2d 539.

The refusal of new trials on the ground that the verdicts were against the weight of the evidence was not an abuse of discretion. As said in *Reithof v. Pittsburgh Rwys. Co.,* 361 Pa. 489, 492, 65 A. 2d 346, "It is well settled that a new trial will not ordinarily be granted on the ground that the verdict is against the weight of the evidence where the evidence is conflicting and the jury might have found for either party." On the conflicting evidence it was clearly for the jury to determine whether the injuries of the wife-appellee were caused by the negligence of appellant's driver, or Davis, or both, or neither. If they believed the testimony of appellant's witnesses, they would have been warranted in concluding that appellant's driver was not negligent and that the accident resulted solely from the negligence of the additional defendant, Davis. However, if they chose to disregard this testimony and accept that given by the witnesses for appellees, as the verdicts imply they did, the evidence was undoubtedly sufficient to warrant a finding that appellant's driver violated the high degree of care which he was required to exercise for the safety of his passenger and that Davis was not negligent in

proceeding into the intersection after bringing his truck to a stop, because he was so far in advance at the time he entered the intersection that in the exercise of reasonable care and prudence he was justified in believing that he could cross ahead of appellant's approaching bus without danger of a collision. See *Steckler v. Luty et al.*, 316 Pa. 440, 443, 175 A. 481; *Korenkiewicz v. York Motor Express Co.*, 138 Pa. Superior Ct. 210, 213, 10 A. 2d 864.

Judgments affirmed.