## Wilson, Appellant, *v.* Butler Motor Transit Company, Appellant.

Argued September 24, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*J. Campbell Brandon,* with him *W. D. Brandon, Hugh S. Millar, A. R. Cingolani* and *Brandon, Millar & Duffy,* for plaintiff.

*Wm. C. Robinson,* with him *Zeno F. Henninger, Henninger.& Robinson* and *Galbreath, Braham & Gregg,* for defendant.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 13, 1951:

Plaintiff Margaret E. Wilson, a paid bus passenger, instituted suit in trespass against defendant, the Butler Motor Transit Company, for injuries sustained while riding in defendant's bus, caused by the sudden stopping of the bus in order to avoid striking a child. The jury rendered a verdict for plaintiff for $3,000. Defendant moved for judgment *non obstante veredicto* and for a new trial, which were denied. The court ruled that if plaintiff would file a remittitur for $1,500, it would sustain the verdict, otherwise a new trial would be granted. Plaintiff declined to file the remittitur. A new trial was ordered. Both plaintiff and defendant appealed.

On September 1, 1945, at about 1:15 p. m., plaintiff boarded defendant's bus at Butler, Pennsylvania, in order to travel to Renfrew. She occupied the front seat on the right-hand side of the bus. As above stated, defendant's bus was stopped suddenly to avoid striking a child. Plaintiff was thrown forward against a pole, running from the ceiling to the floor of the bus which held a coin box located to the right of the driver, suffering injuries.

Defendant maintains that because the child darted in front of the bus the driver, due to circumstances not under his control, was forced to stop his bus immediately in order to avoid maiming or killing the child. De-

fendant contends that under such circumstances its driver was not negligent. The only witness who testified that he saw the child prior to the sudden stop was *plaintiff's witness,* passenger Doyle Baldauf. He said that he saw the child, 50 to 100 feet away, running across a lawn in front of a house, toward the general direction of the bus. Plaintiff argues that the jury could have drawn an inference that the bus driver was negligent in failing to retard the speed of the bus upon seeing the child, so that if it were necessary to stop the bus it would not have to be stopped so suddenly. With this we do not agree. It is true that an operator of a motor vehicle must exercise care reasonably necessary to avoid an accident when approaching a place where there is reason to apprehend that children may come into danger: *Ondrusek, Admr., v. Zahn,* 356 Pa. 537, 52 A. 2d 461; *Chapple et al. v. Sellers,* 365 Pa. 503, 76 A. 2d 172. But he is not bound to anticipate that a child will dart from a lawn, in a position of safety, into the path of his vehicle: *Ondrusek v. Zahn,* supra. Mr. Justice HORACE STERN, in that case, said p. 539:

"We are not unmindful of the general rule that the driver of a motor vehicle must exercise the care reasonably necessary to avoid an accident when approaching a place where there is reason to apprehend that children may come into a place of danger: (Fedorovich v. Glenn, 337 Pa. 60, 64, 9 A. 2d 358, 360; Dugan v. McGara's, Inc., 344 Pa. 460, 464, 465, 25 A. 2d 718, 720, 721). But he is not bound under all circumstances to anticipate what a child in a place of safety on a sidewalk may do, or that such a child will suddenly dart from the side of the street and run across the street immediately in front of or into the side of his car: Mc Avoy v. Kromer, 277 Pa. 196, 199, 120 A. 762, 763; Purdy v. Hazeltine, 321 Pa. 459, 464, 184 A. 660, 662. Here there was no reason for defendant to apprehend

that the boys who, as he approached, were on the lawn back of the sidewalk, would run down the terrace and into the roadway as he was passing. As the accident did not occur at a street crossing defendant was not obliged to have his truck under such control that he could stop it instantly to meet an unexpected emergency."
There is insufficient evidence of defendant's negligence to submit to the jury. The question of a new trial because of the excessiveness of the verdict need not therefore be considered.

Order reversed and judgment is hereby entered for defendant *non obstante veredicto.*

Mr. Chief Justice Drew dissents.