## Lambert, Appellant, *v.* Pittsburgh Railways Company.

Argued September 26, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

reargument refused January 2, 1962.

*Stephen J. Harris,* with him *Litman & Litman,* for plaintiff, appellant.

*Russell J. Butler, Jr.,* with him *Weis & Weis,* for additional defendant, appellee.

*Leo Daniels,* with him *James A. Geltz,* and *Prichard, Lawler & Geltz,* for original defendant, appellee.

OPINION BY MR. JUSTICE COHEN, November 14, 1961:
Plaintiff-appellant, Lila Lambert, was a passenger on a bus operated by the defendant-appellee, Pittsburgh Railways Company. During the course of the trip along Frankstown Road, the bus came to a "quick, sudden" stop, and as a result plaintiff, who was seated in the side seat immediately behind the driver, was thrown

from her place, struck her head on an iron railing and fell to the floor of the bus sustaining injuries. According to the bus driver and several passengers on the bus, the stop was necessitated when a car, allegedly owned by the additional defendant, Neil Frescura, pulled out from the left curb of Frankstown Road, and swung directly into the path of the oncoming bus.

Before leaving the bus after the accident, plaintiff signed a card on which was printed or written in longhand, "Was not operator's fault." At trial, plaintiff admitted signing the card, but denied that the words above her signature were in her handwriting.

At the time of the accident, the bus driver did not get the license number of the car that pulled into the path of the bus. He testified, however, that he had frequently seen the vehicle in the area both prior and subsequent to the accident, and that he obtained the license number the following day. The automobile is registered in the name of Frescura, the additional defendant, who works at a garage on Frankstown Road at the scene of the accident and normally parks his car along the curb on either side of the street. His employment time card reveals that he checked out of the garage within minutes of the time of the accident. Frescura claims, however, that he knew nothing about the accident until served with process nearly three months later.

After the jury failed to agree, the court below, sitting en banc, entered judgments on the whole record in favor of both the original defendant and the additional defendant, in accord with the Act of April 20, 1911, P. L. 70, §1, 12 PS §684.

Under the language of the above provision: "[T]he Supreme . . . Court . . . shall review the action of the court below, and enter such judgment, if any, as should have been entered by the court below upon that evidence." Consequently, on appeal we must examine

whether or not the lower court, considering the evidence in the case and the inferences to be drawn therefrom in the light most favorable to the plaintiff, properly awarded judgments on the whole record to the original defendant and the additional defendant. In reviewing the action of the lower court, we are limited to a consideration of whether there was an erroneous application of the law in arriving at its conclusions.

A judgment on the whole record may be granted properly only if binding instructions should have been given at the trial: *Shapiro v. Philadelphia Electric Co.*, 342 Pa. 416, 417, 21 A. 2d 26 (1941). Binding instructions may not be given if there is a question of fact properly submissible to the jury: *Harris v. DeFelice*, 379 Pa. 469, 475, 109 A. 2d 174 (1954).

Regarding the original defendant, Pittsburgh Railways Company, there is no dispute in the facts which would have required the submission of the case to a jury. The evidence is clear from plaintiff's own case that the bus was proceeding up Frankstown Road at a normal rate of speed and that a car swerved directly in front of the oncoming carrier, necessitating an immediate stop to avoid a collision. Since these basic facts are not in dispute, there is no merit to plaintiff's contention that the court below did not consider the evidence and reasonable inferences therefrom in the light most favorable to the plaintiff, as it was required to do.

Moreover, there was no misapplication of the law. The lower court applied the proper rule when it stated, "An unusual and extraordinary stop calls for some explanation upon the part of the common carrier. An inference of negligence on the part of the common carrier is not called for if its action is sufficiently explained." Stopping to avoid a collision with a person or object has been recognized consistently as a sufficient explanation for a sudden stop. *Schilling v. Pitts-*

*burgh Railways Co.*, 394 Pa. 126, 132, 145 A. 2d 688 (1958). Consequently, the lower court properly awarded the judgment on the whole record for the original defendant.

The court en banc erred, however, in granting a judgment in favor of the additional defendant, Frescura. A review of the testimony in the record indicates that there is sufficient evidence in the record to create a substantial issue of fact as to whether Frescura's car was the automobile which swerved in front of the bus. This question should have been submitted to a jury rather than determined by the court below. *O'Malley v. Public Ledger Co.*, 257 Pa. 17, 101 Atl. 94 (1917), is apposite the situation here. In that case, this Court affirmed the refusal of the trial judge to enter judgment n.o.v. for the defendant after a jury verdict for plaintiff. Plaintiff was hit by an automobile as she was crossing the street. The vehicle left the scene of the accident. Witnesses stated that "Public Ledger" was painted on the door of the car. A police officer testified that he had noticed a similar vehicle traveling at an excessive rate of speed pass the corner where plaintiff was hit about the time the accident occurred, and that the vehicle passed this spot morning after morning. Later, the officer spotted the automobile in question some four and a half squares away. This Court considered these facts to be sufficient evidence of identification of the car to justify a submission of the case to the jury. Similarly, in the case at bar, the matter of the sufficiency of identification and the question of Frescura's negligence should have been questions for a jury.

Accordingly, the judgment on the whole record in favor of the additional defendant, Frescura, is reversed and the matter remanded for a new trial. Conversely, the judgment on the whole record for the original defendant, Pittsburgh Railways Company, is affirmed.