Burrell *v.* Philadelphia Electric Company
et al., Appellants.

Argued November 24, 1969.   Before BELL, C. J.,
JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY,
JJ.

reargument refused June 4, 1970.

*Edward F. Cantlin,* with him *Hinkson & Cantlin,* for appellants.

*Robert A. Wright,* for appellees.

OPINION BY MR. JUSTICE POMEROY, April 28, 1970:

This action in trespass arose out of a collision between a truck, owned by defendant Philadelphia Electric Company, and driven by defendant Everett K. Fowler, an employee of the Electric Company, and a bicycle upon which the minor plaintiff Ricardo Burrell was riding. Plaintiffs sought recovery for the minor plaintiff's personal injuries alleging that the injuries were caused by the negligence of defendant Fowler acting within the scope of his employment. A jury trial resulted in verdicts in favor of the defendants. The court *en banc* granted plaintiffs' motion for a new trial on the ground that the verdicts were against the weight of the evidence, and defendants now appeal from that order.

The issue at trial was whether the collision which caused minor plaintiff's injuries was the result of the negligence of defendant truck driver. The issue of contributory negligence was not submitted to the jury, the court not having charged on the subject and having refused appellants' requested instruction on the standard of care required of the minor plaintiff. Only three witnesses—the minor plaintiff, a playmate of his who was eight years old at the time of the collision, and defendant truck driver—had observed the collision; and their accounts of the events leading up to the accident differed markedly.

According to the minor plaintiff, he had been pedalling his bicycle in a northerly direction on the eastern sidewalk of Lloyd Street in Chester, Pennsylvania, when his right foot slipped off the pedal. While he was looking down, trying to get his foot back on the pedal, his bicycle went down off the sidewalk and into the street. At the approximate midpoint of the street, he was struck by the left front fender or wheel of defendant's southbound truck. This account was corroborated by the only nonparty witness, the eight year old playmate who had at best only a partial recollection of the event.

According to defendant Fowler, the truck driver, he had been stopped for a traffic light one block north of the place where the collision occurred and was going no more than 8 to 10 miles per hour at the time of the accident. He further testified that he had observed the boy from the time he entered the street, about a block south of the point where the accident occurred; that he was riding in the street and not on the sidewalk; and that he had no apparent difficulty operating his bicycle. Fowler testified that the minor plaintiff was pedalling the bicycle in a standing position and, when the bicycle was approximately six feet in front of the truck and four feet to the side of it, swerved suddenly to the left and into the path of the truck; that he applied his brakes immediately when he saw the bicycle swerve and had stopped the truck within eight feet. A police officer who investigated the accident testified that, according to his recollection, the skid marks left by the truck were about three feet in length.

We have frequently set forth the standards governing the grant of a new trial on the ground that the verdict was against the weight of the evidence. "The grant of a new trial is within the sound discretion of the trial judge, who is present at the offering of all relevant testimony, but that discretion is not absolute; this Court will review the action of the court below and

will reverse if it determines that it acted capriciously or palpably abused its discretion." *Austin v. Ridge,* 435 Pa. 1, 4, 255 A. 2d 123 (1969), and cases there cited. "A new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion: [citation omitted]. Neither should it ordinarily be granted on the ground that the verdict was against the weight of the evidence where the evidence is conflicting and the jury might have found for either party." *Carroll v. Pittsburgh,* 368 Pa. 436, 445-6, 84 A. 2d 505 (1951). A new trial should be awarded on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Jones v. Williams,* 358 Pa. 559, 564, 58 A. 2d 57; *Carroll v. Pittsburgh,* supra, at 447; *Brown v. McLean Trucking Co.,* 434 Pa. 427, 429-30, 256 A. 2d 606 (1969).

Our review of the trial record persuades us that the conflicting testimony there offered was adequate to support jury verdicts for the defendants based on a finding that the defendant truck driver had not been negligent. "Where the jury's verdict is supported by the evidence, as here, it will be upheld, and the order awarding a new trial will be reversed." *St. Clair Cemetery Ass'n. v. Commonwealth,* 390 Pa. 405, 408-9, 136 A. 2d 85 (1957). Under the circumstances in this case, we are satisfied that a new trial was not imperative; we hold that the lower court clearly abused its discretion in granting plaintiffs' new trial motion.

In this case, there was no evidence that defendant truck driver had operated his vehicle at an excessive speed. Compare *Pritchard v. Malatesta,* 421 Pa. 11, 218 A. 2d 753 (1966). On the contrary, the testimony of the defendant and of the investigating officer indicates

that defendant was proceeding very slowly. The only testimony on the question of whether defendant was attentive was his own, and although his credibility was for the jury, they apparently believed his statement that he had observed the minor plaintiff for some time and had reduced his speed as a precaution against some unexpected action by the boy.

In awarding the new trial, the court below expressed the opinion that, "[h]e [the truck driver] certainly could see that this was a very young child and he certainly should have anticipated that he would suddenly turn to the left or possibly fall off the bicycle into the path of the truck." It is of course true that "the driver of a motor vehicle must exercise the care reasonably necessary to avoid an accident when approaching a place where there is reason to apprehend that children may come into a place of danger." *Ondrusek v. Zahn*, 356 Pa. 537, 539, 52 A. 2d 461 (1947). But such a driver "is not bound under all circumstances to anticipate what a child in a place of safety on a sidewalk may do, or that such a child will suddenly dart from the side of the street and run across the street immediately in front of or into the side of his car." *Ondrusek v. Zahn*, supra, 356 Pa. at 539-40; *Wilson v. Butler Motor Transit Co.*, 368 Pa. 479, 481, 84 A. 2d 207 (1951). Thus even if, as the driver here testified, the minor plaintiff was riding on the street rather than the sidewalk, the driver had no absolute duty to anticipate that the minor plaintiff would suddenly swerve and without warning move into the path of his truck some six feet in front of him. In a case of this sort the reasonableness of the driver's conduct was primarily a matter for the jury; the verdicts returned reflect the jurors' conviction that the driver here did not proceed in a negligent fashion. That conclusion is amply supported by the evidence.

The order granting a new trial is reversed, and the case remanded for the entry of judgment on the verdicts.

Mr. Justice ROBERTS dissents.