Boruch **LEIZEROWSKI**, in his own right, and as husband of Klara Leizerowski, et al., Appellants,

v.

**EASTERN FREIGHTWAYS, INC.** and **Raymond Kelly.**

No. 74–1709.

United States Court of Appeals, Third Circuit.

Argued Feb. 13, 1975.

Decided April 15, 1975.

Jeffrey M. Stopford, Philadelphia, Pa., for appellants; Beasley, Hewson, Casey, Kraft & Colleran, Philadelphia, Pa., of counsel.

Edward R. Paul, Philadelphia, Pa., for appellees; LaBrum & Doak, Philadelphia, Pa., of counsel.

Before SEITZ, Chief Judge, and ALDISERT and GARTH, Circuit Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

We are to apply Pennsylvania law in this personal injuries diversity action and to decide whether the district court erred in submitting the question of the plaintiff-driver's contributory negligence to the jury and whether it was error for the court to charge that the plaintiff-passenger had the burden to prove her future pain and suffering to a "reasonable certainty." Because we conclude that the court erred in these respects, we reverse and direct that a new trial be awarded Boruch Leizerowski and that a new trial limited to damages be granted his wife, Klara.

## I.

The bifurcated trial began with an introduction into evidence of a stipulation entered into by the plaintiffs and the defendants:

On Tuesday, May 28, 1968, at approximately 9:40 A.M., the plaintiff, Boruch Leizerowski was driving his automobile in an eastbound direction on Robbins Avenue in the City of Philadelphia.

The plaintiffs, Klara Leizerowski and Abraham Leizerowski, were passengers in plaintiff Boruch Leizerowski's automobile.

When the plaintiff's automobile approached the intersection at Robbins Avenue and Brous Avenue the traffic signals indicated red for the traffic on Robbins Avenue. The plaintiff stopped his automobile on Robbins Avenue. After the plaintiff's vehicle was stopped it was struck from behind by a Mack truck also traveling eastward on Robbins Avenue. This truck was being operated by the defendant, Raymond Kelly. (App. at 5a–6a).

Augmenting the stipulated facts was the testimony by plaintiffs Boruch, Klara and Abraham Leizerowski and by defendant Raymond Kelly, the corporate defendant's employee. At the close of all the evidence plaintiffs made a motion for a directed verdict which was denied.

However, the court conceded that there was no evidence of the plaintiff-passengers' contributory negligence and so instructed the jury. The jury returned its liability verdict in favor of the plaintiff-passengers on their claims against the defendants and in favor of the defendants on the claim of the plaintiff-driver.

The trial on the issue of Klara's and Abraham's damages then proceeded before the same jury. During that phase of the trial the court instructed the jury that it could not award the wife's medical expenses. Furthermore, the jury was instructed not to award medical expenses and lost summer, 1968 wages of the minor, unemancipated son. The court reasoned that the medical expenses of the wife were the liability of her husband and that because he was found to be contributorily negligent, Pennsylvania does not permit him to profit from his own negligence. With respect to the unemancipated, minor son, the court concluded that his lost summer wages and medical expenses were not recoverable because of his father's negligence. Thus, the jury was limited to considering Klara's past and future pain and suffering. Because Abraham presented no evidence of future pain and suffering, the court instructed the jury only to consider his past pain and suffering. The jury returned a verdict in favor of Klara and Abraham in the amounts of $6,000 and $500 respectively.

Thereafter, Boruch Leizerowski filed motions for judgment n. o. v. and for a new trial. Klara and Abraham presented motions for a new trial on the issue of damages. The district court denied these motions and this appeal followed.

## II.

The parties concede that in a diversity case where the court applies Pennsylvania law, the issue of contributory negligence can be submitted to the jury only when there is evidence from which the jury can reasonably find such negligence "without resort to prejudice or guess." Kridler v. Ford Motor Co., 422 F.2d 1182, 1184 (3d Cir. 1970). In resolving this question we must view all the facts and inferences therefrom in favor of the defendant.

The district court concluded that the evidence showed:

When the plaintiffs' vehicle approached the intersection of Robbins and Brous Avenues, the traffic signal for Robbins Avenue changed from green to yellow. . . . Boruch Leizerowski then made a very sudden stop before the light changed from yellow to red . . . without signalling his intent to do so.

From these facts it held:

The jury could reasonably have found that the plaintiffs' vehicle came to a very sudden stop . . . before the light changed from yellow to red without signalling his intent to do so.

Boruch Leizerowski argues that the court erred in failing to consider the stipulated facts. For their part, the appellees maintained that the stipulated facts do not conclusively resolve the issue of contributory negligence and that the "evidence presented was sufficient for the jury to find that appellant stopped his vehicle on a yellow traffic signal when it was unsafe to do so in violation of [Section 1028(b)(2)] of the Pennsylvania Motor Vehicle Code, [Pa. Stat.Ann. tit. 75, § 1028(b)(2).]" (Appellees' Brief at 7).

That section provides:

*Yellow—When shown alone*—Traffic facing the signal shall stop before entering the nearest crosswalk at the intersection, but if such stop cannot be made in safety, a vehicle may be driven cautiously through the intersection.

Therefore, it is imperative that there be evidence from which the jury could reasonably find that the appellant stopped his vehicle on the yellow light when it was unsafe to do so.

Appellees contend that the following testimony of defendant Kelly supports their sudden-stop-on-yellow-light theory:

Q. So that when the light turned red you were 40 feet behind the Rabbi?

A. Closing, yes, sir, closing.

Q. And therefore the Rabbi was about 20 feet from the light?

A. Not really.

Q. How far was the Rabbi from the light when it turned red?

A. He was on top of it almost, because when the light turned red, the fast yellow to red, he stopped. In other words, what could have happened, if he'd kept on going, I would have stopped at the line, instead of him cutting me short by stopping. (App. at 65a).

Contrariwise, this testimony is direct evidence that plaintiff stopped not when the light was "yellow", but, in Kelly's words, "when the light turned red." Indeed, the inference to be properly drawn is that Kelly expected plaintiff to enter the intersection in face of a "red" light so that Kelly could safely bring his truck to a stop "at the line" without colliding with any intervening person or object.

Appellees' attempt to bolster their theory from Klara's testimony is similarly unsuccessful. We start with the stipulation of the parties, described by the district court to the jury as a "stipulation which has been entered into by the plaintiffs and the defendants, some facts that they admit, and these are evidence." (App. at 5a). By their stipulation the parties agreed that "[w]hen the plaintiff's automobile *approached* the intersection at Robbins Avenue and Brous Avenue the traffic signals indicated red for the traffic on Robbins Avenue." (Emphasis added). The verb "approach" is defined "1a: to come or go near or nearer to in place or time: draw nearer to." Webster's Third New International Dictionary. Thus, before one word of testimony was uttered to the jury, the defendants had admitted by stipulation that the light had turned "red" at a time when plaintiff's car was still moving, at a time when the car was approaching, or drawing nearer to the intersection.

Notwithstanding this admission by stipulation, appellees draw some comfort

from Klara's testimony, which was at odds with both the letter of the stipulation and the testimony of defendant, Kelly:

A. . . . We stopped, the light was yellow, and then it turned into red.

Q. You came to a stop before the light turned to red?

A. Yes. We were stopped, yes. (App. at 39a).

Because this testimony was in direct conflict with a conclusively established fact by stipulation, it could not be relied on by the court as evidence that Boruch stopped on the yellow light. The parties are entitled to rely on the facts as stipulated.

Under these circumstances, we conclude that to submit the contributory negligence issue to the jury is to resort "to prejudice or guess", a practice outlawed by ruling Pennsylvania case law. Kridler v. Ford Motor Co., *supra*. Accordingly we hold that the district court erred in so doing.[1] Boruch Leizerowski is therefore entitled to a new trial. We do not reach the question whether the defendant will be precluded from denying liability at the new trial should plaintiff assert the doctrine of collateral estoppel. *See* Provident Tradesmens Bank & Trust Co. v. Lumbermens Mutual Casualty Co., 411 F.2d 88 (3d Cir. 1969). *See also* Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Posternack v. American Casualty Co., 421 Pa. 21, 218 A.2d 350 (1966); Thompson v. Karastan Rug Mills, 228 Pa.Super. 260, 323 A.2d 341 (1974), and cases collected at 31 A.L.R.3d 1044.

### III.

Klara contends that the court erred in charging the jury that it must be "reasonably certain" that she would incur future pain and suffering. She argues that the proper burden of proof under Pennsylvania law is a preponderance of the evidence. We agree.

---

1. We likewise agree with appellant that the jury could not, without resort to prejudice or guess, reasonably find that he stopped without signalling his intent to do so. The only evidence dealing with the vehicle brake lights appears on re-direct of defendant Kelly. He testified that he "did not notice" whether or not the brake lights were operative. (App. at 81).

In some jurisdictions the courts have adopted the rule that damages may be recovered only for such future pain and suffering as is reasonably certain will result from the injury received. 81 A.L.R. 423, 439. This is commonly referred to as the "reasonable certainty" rule.

However, certain jurisdictions, of which Pennsylvania is one, have refused to adopt this higher standard of proof. In Wallace v. Pennsylvania Railroad Co., 222 Pa. 556, 71 A. 1086, 1088 (1909), the court was squarely faced with the question: "With what degree of certainty must it be made to appear that the future pain and suffering will ensue before compensation for them can be allowed?" The court held:

> The jury may and should award compensation for future pain and suffering whenever the evidence furnishes just ground for the belief that such pain and suffering will likely or probably ensue. . . . [I]t comes to nothing to show that in some jurisdictions recovery for these is allowed only when it is made to appear that they are reasonably certain to result. . .
>
> All that is required with us is that there be sufficient evidence from which the jury may fairly derive the conclusion that the chances that the plaintiff will endure future pain and suffering *preponderate over those that he will not. Such preponderance denotes probability or likelihood, and that is sufficient. Ibid.* (Emphasis added). *Accord,* Connolly v. Philadelphia Transportation Co., 420 Pa. 280, 216 A.2d 60, 64–65 (1966).

Because the court's erroneous "reasonable certainty" charge could have affected the jury's ultimate award of damages for Klara's future pain and suffering, a new trial, limited to damages, is required.

## IV.

Appellants' remaining contentions require little discussion. Klara argues that

the court improperly interpreted Pennsylvania law with respect to the recovery of her medical expenses when her husband was found to be contributorily negligent. Alternatively, she contends that if the court correctly stated and applied existing Pennsylvania law, then that law cannot pass muster under the 1971 equal rights amendment to the Pennsylvania Constitution.[2] Because we have concluded that Boruch Leizerowski was not contributorily negligent as a matter of law, we need not meet these questions; there no longer exists any impediment to recovery of the wife's medical expenses.

Klara contends that the court erred in instructing the jury not to consider her son's medical expenses and lost summer's wages. She argues that the father and mother have a joint right to recover his medical expenses and lost wages, and that the contributory fault of the father does not destroy the right of the mother to recover. "Under Pennsylvania law the tortious injury of a child gives rise to two causes of action; one on behalf of the child for pain and suffering and loss of earning power after majority; and the other for the parents themselves, for reimbursement of medical expenses and for loss of the child's services during minority." Hunt v. Yeatman, 264 F.Supp. 490, 491 (E.D.Pa.1967).

The "joint right" argument was not presented to the district court; it is not properly before us. Since Boruch's case is being remanded for a new trial as to liability and damages, and Klara's case is being remanded for a new trial as to damages only, we leave to the district court for initial consideration the entire question of the parents' rights, including threshold questions of whether their claims were properly pleaded or may properly be the subject of amended pleadings at this time. In view of our ruling that the court erred in submitting the father's contributory negligence to the jury, on remand it may well be that the "joint right" issue need not be met and that the district court will be faced

---

2. Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individ-

ual. Pa.Const. art. I, § 27, P.S. (adopted May 18, 1971).

only with the question of the father's eligibility and right to assert this claim.

 Finally, Klara and Abraham argue that the trial court erred in instructing the jury that it could return a verdict in favor of the defendant on the issue of plaintiffs' pain and suffering. Assuming arguendo that this was error, it is harmless; the jury did return an award of damages for pain and suffering for both Klara and Abraham.

### V.

That portion of the judgment of the district court in favor of plaintiff Abraham Leizerowski against the appellees will be affirmed; the judgment in favor of the appellees against plaintiff Boruch Leizerowski will be reversed and a new trial granted in accordance with the foregoing. The judgment in favor of Klara will be vacated and a new trial granted as to damages only. Costs taxed against appellees.