## Breisch *v.* Leitzel, Appellant.

*Common carriers—Loss of goods—Action—Parties—Assignment.*

Where a railroad company has negligently permitted the wrong person to take goods from its station, and it appears that the goods had been consigned by the shippers to themselves, but for delivery to a purchaser, and it also appears that the purchaser had paid for the goods partly in advance and partly by lifting a draft attached to the bill of lading, the railroad company after settling for the loss with the purchaser, may take an assignment of his claim and use the name of the purchaser in a suit for the company's use, against the person who had wrongfully taken the goods.

Argued Dec. 2, 1902.   Appeal, No. 274, Oct. T., 1901, by defendant, from judgment of C. P. Schuylkill Co., July T., 1900, No. 323, on verdict for plaintiff in case of R. R. Breisch to use of Philadelphia & Reading Railway Company v. George F. Leitzel.   Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Appeal from judgment of justice of the peace.   Before MARR, J.

Defendant presented these points:

1. That the iron consigned to Mesker & Company was the property of Mesker & Company when they were delivered by the agent of the Philadelphia & Reading Railway Company at Ringtown, Pennsylvania, to the driver of George F. Leitzel, and hence the right of action, if any, is in Mesker & Company and not in R. R. Breisch, who had no property right therein, and therefore the verdict of the jury must be for the defendant. *Answer :* This point is refused. [1]

2. From the evidence it appears that the agent of the plaintiff company made a mistake and wrongfully delivered the goods of Mesker & Company to George F. Leitzel, who was at the same time receiving other iron, and through that mistake Leitzel, the defendant, used a part of said iron so delivered by mistake, used by the defendant before the discovery of said mistake, by reason whereof a loss resulted.   It follows that the loss resulting must be sustained by the plaintiff corporation, which, through its agent, caused the mistake, upon the well

settled principle of law, that a mistake resulting in a loss must be borne by the party causing the mistake, and hence the verdict should be for the defendant. *Answer :* It is a well settled principle of law, that where an injury or damage occurs to an innocent party, and the question arises, who of two innocent parties must suffer the loss, that the party whose negligence or want of care occasioned the injury and damage should bear the loss, but we decline to affirm this point under all the evidence in the case, and leave it to you to say what the evidence establishes, both as to the negligence of the plaintiff company or its agent, and also as to whether Mr. Leitzel used the iron innocently or not, and what loss, if any, the defendant suffered. [2]

Verdict and judgment for plaintiff for $60.09. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*W. D. Seltzer*, for appellant.

*John F. Whalen*, for appellee.

OPINION BY WILLIAM W. PORTER, J., January 20, 1903 :

One Breisch bought some 2,450 pounds of red corrugated iron from Mesker & Company. Leitzel bought some 310 pounds of smooth black iron from Merchant & Company. Both lots arrived at the Ringtown station on the Philadelphia & Reading Railroad. Leitzel saw both lots (as proved by the plaintiffs and denied by him), and sent his driver to the station to remove the iron to a point where he was building a house. The driver took both lots. The carpenters, with Leitzel's knowledge, used a part of the corrugated iron and none of the smooth black iron. Breisch, who had paid $50.00 on account of his corrugated iron, paid the balance by taking up a draft accompanying a bill of lading drawn to the order of the shippers. Finding his iron gone, he made claim against the railroad. They settled with him, took an assignment of his claim and now sue Leitzel. The verdict was rendered for the plaintiff and Leitzel complains, by his assignments, first, that as Breisch's iron was consigned under a bill of lading to Mesker & Company (the shippers), Breisch had no title or right of action, and therefore the

action, in its present form of Briesch to the use of the railroad, cannot be maintained. This is completely answered by what has been said in regard to Breisch's title to the iron. He paid part of the price in advance. He paid the balance and took up the bill of lading.

The second question raised is upon a point of charge of some length which in effect required the court to direct a verdict for the defendant, because the mistake in the removal of the iron by Leitzel was that of the agent of the railroad company. The answer of the court to the point was in affirmance of the general principle of law that where one of two innocent parties must suffer, he whose want of care occasions the injury must bear the loss. The answer was supplemented, however, by the direction that under the proofs submitted, the jury should determine what was established, both as to the negligence of the company or its agent, and as to the innocent use by Leitzel of the iron which he removed from the railroad station and in part used in the construction of his house.

Upon the facts we think the case was submitted to the jury under as favorable instructions as the defendant had any right to expect. The judgment is therefore affirmed.