# Newman *v.* Shreve, Appellant.

*Equity—Findings of fact—Negligence—Mistake—Trust and trustees.*

1. The findings of fact by a chancellor that a trust estate had been subjected to great loss by the negligent act of the trustee, if based upon sufficient evidence, will not be reversed by the appellate court if there is no palpable error.

2. When the facts to be found depend upon conflicting testimony, it is the duty of the chancellor, as it is of a jury to give due consideration to all of it, to reconcile it, if possible, and with an open mind make findings based upon the weight of it.

3. Where a bill in equity is filed against a trustee for an accounting of moneys lost through an improper sale of real estate, and other parties are joined as defendants who appear and answer, and it appears that all of the defendants are interested in the property sold or the proceeds thereof, the court in entering a decree against the trustee may also enter a decree against the other defendants that they pay certain sums to the trustee, if it appears that they deceived the trustee to his loss.

MR. CHIEF JUSTICE FELL dissents.

Argued Feb. 6, 1912. Appeal. No. 211, Jan. T., 1911, by Benjamin D. Shreve, from decree of C. P. Chester Co., No. 513, in equity in case of John S. Newman, Executor and Trustee of William Keinath, deceased, v. Benjamin D. Shreve, Isaac A. Braddock, Joseph Taylor, St. Albans Realty Company and Sea Haven Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCH-ZISKER, JJ. Affirmed.

Bill in equity for an accounting. See Newman v. Shreve, 229 Pa. 200.

The court by BUTLER, J., entered the following decree:

The bill is dismissed as to the St. Albans Realty Co.

Benjamin D. Shreve, having received and accounted for $15,000 purchase money, is directed to account to the plaintiff for the further sum of $11,319.21, as if he had also received it as purchase money for the trust estate in his hands. But he shall not be required to pay the plaintiff more than enough to cover the amount due on his mortgage and bonds, namely, on the mortgage, $3,-548.19 with interest at six per cent. from June 17th, 1889, less $3,029.69, and on the bonds fourteen one hundred and twenty-fifths of such part of the $11,319.21 as shall remain after the payment of the mortgage and interest.

Isaac A. Braddock is directed to pay to Benjamn D. Shreve, trustee, the sum of $13,243.75.

The Sea Haven Company is directed to pay to Benjamin D. Shreve the sum of $2,500, if the same is not paid by Isaac A. Braddock.

*Error assigned,* was the decree of the court.

*John G. Johnson,* with him *Wm. M. Hayes, Alfred P. Reid* and *J. Carroll Hayes,* for appellant..

*William E. McCall, Jr.* and *J. Frank E. Hause,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 18, 1912:

This case was here one year ago and will be found reported in Newman v. Shreve, 229 Pa. 200. At that time the decree was reversed and bill reinstated as to all the parties so that upon final hearing such decree could be made as the facts might warrant. At the first trial the court below dismissed the bill as to all the defendants except Shreve, and entered a decree against him without regard to how his legal rights and equities might have been affected by the acts of those associated with

him in the transaction about which complaint is made. We held this to be error upon the ground that the parties having entered a general appearance and made a general answer, were within the jurisdiction of the court for every purpose of the case and should have been so treated. The record was remitted for the purpose of affording all the parties an opportunity to introduce additional testimony in support of their respective contentions. At the second trial some additional testimony was introduced and all of the parties were given an opportunity to be heard. In the light of the additional testimony the learned court below in a careful and exhaustive opinion considered all the questions raised and reached the conclusion that appellant as trustee had only collected $15,000 on account of the purchase price of the property which had been actually sold through his agent for $33,000. In this respect the findings of fact at the second trial were the same as at the first. The appeal in the present case is a challenge to the findings and a reversal is asked substantially upon this ground. In such case the findings of fact by a chancellor have the force and effect of a verdict and will never be reversed in an appellate court except for manifest error. There are cases in which an appellate court may say, indeed in some instances should say, that the evidence even if believed is not sufficient to warrant the conclusion reached, but in such instances, the sufficiency and not the weight of the evidence is the controlling factor. Where the facts to be found depend upon conflicting testimony, it is the duty of a chancellor, as it is of a jury, to give due consideration to all of it, to reconcile it if possible, and with an open mind make findings based upon the weight of it. This duty has been performed by the learned court below with the result above indicated. Unless we can say here that there was palpable error in the findings of fact, under the rule of all our cases, the decree must be affirmed. The learned counsel for appellant appreciate the weight of the burden which

the rule casts upon them, and have undertaken to meet it by pointing to the evidence upon which they rely to show that a different conclusion should have been reached. This has made a careful examination of the testimony necessary. We find it very conflicting about material facts and we can understand how different minds might reach different conclusions after giving full consideration to all of it, but we cannot say that the court below should be convicted of palpable error in finding as it did. There was evidence, if believed, to warrant the findings and the chancellor evidently believed the witnesses who testified to the facts upon which the findings are based. The credibility of witnesses is for the jury, or for the chancellor, as the case may be, and we know of no case in which there was a reversal upon the ground that the testimony of certain witnesses should not have been believed. That a serious mistake was made by someone connected with the sale of the property in question here must be conceded, and as a result of that mistake a heavy burden is cast upon appellant, but under the facts found by the court below there is no escape from the liability to account for the proceeds of the trust estate which should have come into the hands of the trustee.

The decree requires Braddock and the Sea Haven Co. to pay certain sums to appellant and this is in accordance with the views expressed in our former opinion. The decree in these respects should be enforced in relief of appellant who has been made to suffer by misplaced confidence in his agent, or by being deceived by those whom he trusted.

Decree affirmed, costs to be paid out of the trust estate.

Fell, C. J., dissents.