Opinion by
 

 Flood, J.,
 

 The plaintiff sued Kenneth Schaeffer for assault and battery and the appellee Home Association for negligence in failing to protect him, as its patron, from the assault. The jury found against both defendants “each to pay the sum of $2500, a total of $5,000 compensation”. While Schaeffer took no action after the jury’s verdict, the association’s motion for a new trial was granted by the court en banc. The plaintiff has taken an appeal from this action.
 

 Although the grant of a new trial will not be disturbed by us if anything appears in the record sufficient to justify it
 
 (Mozino v. Canuso,
 
 384 Pa. 220, 120 A. 2d 300 (1956)), neither the reasons cited by the court below nor the additional reasons suggested by
 
 *285
 
 the appellee furnish any valid ground for compelling the appellant, the verdict-winner, to retry the case. In these days of intractable back-logs in many ■ trial courts, new trials in negligence cases should not ■ be granted without substantial reason.
 

 The rule of law defining what the plaintiff had to prove is contained in §348 of the Restatement of Torts which provides: “A . . . possessor of land who holds it out. to the public for entry for his business purposes, is subject to liability to members '■ of' the public while upon the land for such a purpose for bodily harm caused .to them by the accidental, negligent or intentionally harmful acts of third persons or animals ■ if the possessor by the exercise of reasonable care could have (a) discovered that such acts were being done or were about to be done, and (b) protected the members of the public by (i) controlling the conduct of the, third persons, or (ii) giving a warning adequate to enable them to avoid the harm. . . See
 
 Corcoran v. McNeal,
 
 400 Pa. 14, at pp. 19-20, 161 A. 2d 367, at pp. 370-71 (1960).
 

 1. The jury could have based its verdict upon the following evidence: Schaeffer, then nineteen, came to the association’s premises with his parents between five and six p.m. and stayed at a table with his parents and others until ten p.m. His-father went to the bar “several” times during this period and bought pitchers of beer. Schaeffer accompanied his 'father to the bar at least once and admitted drinking at least two glasses of beer upon the premises, although he could not say whether he drank more than five.' About ten p.m. he took his girl friend home. On his return he saw the plaintiff and, after some words, asked him to go outside and fight. A member of Schaeffer’s party pulled him outside and the plaintiff immediately told the bartender what had happened. Within five minutes there was a ring of the buzzer at the
 
 *286
 
 front door. This door was controlled by a button behind the bar. The bartender, who was in charge of the premises, pushed the button releasing the lock and allowing Schaeffer to re-enter the premises, although from the bar the bartender could not see who was entering. Schaeffer immediately went up to the plaintiff, struck him and knocked him off the bar stool causing the injuries of which he complains.
 

 Under this evidence the jury could have concluded that Schaeffer had come under the influence of intoxicants on the premises; that this should have been evident to the bartender in view of the fact that Schaeffer had been on the premises for four hours; that under the circumstances the bartender should have been alert to Schaeffer’s conduct; and that when told of Schaeffer’s desire to fight with the plaintiff and his “removal” from the premises to avoid trouble, he should have reasonably anticipated danger to the plaintiff if he allowed him to re-enter. The jury could also have found that the bartender opened the door without making any effort to find out whether it was Schaeffer trying to re-enter and that after he opened the door he had no effective way, by adequate warning or otherwise, to protect the plaintiff.
 

 The verdict was based upon adequate testimony.
 

 2. After the plaintiff had read part of Schaeffer’s deposition into the record, the court refused the defendant association’s request to have the balance of this deposition made part of the plaintiff’s case. The association objected that this was a violation of Pa. R. C. P. No. 4020(a)-(4), which provides that where “only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced . . .” However, Rule No. 4020(d) provides that when a party introduces the deposition of the adverse party he does not make the latter his own witness,
 
 although
 
 
 *287
 
 the contrary is true of the deposition of a nonparty witness unless it is offered only to contradict or impeach the witness. Hence, even if the plaintiff had been compelled to introduce the balance of the deposition in his own case under Pa. R. C. P. No. 4020(a)-(4), that would not make Schaeffer the plaintiff’s witness. Schaeffer is a defendant, with an interest adverse to the plaintiff, and his co-defendant cannot compel the plaintiff to make him his own witness. As the appellant later read the balance of the deposition into evidence, any error in refusing its request to have the whole deposition read into the plaintiff’s case would, in any event, have been harmless.
 

 3. One of the reasons given by the court below for granting a new trial was that the trial judge did not properly present the controlling issue to the jury. In the court’s opinion, the issue was: “Could the defendant (through its bartender who was in charge of the premises) by the exercise of reasonable care, have discovered that Schaeffer was creating an unreasonable risk of harm to the plaintiff, and protected plaintiff by controlling the acts of Schaeffer when he returned to the Post, or by giving plaintiff a warning ¡adequate to enable plaintiff to avoid the harm inflicted upon him by the defendant?”
 

 This states the defendant association’s duty too narrowly. The possible negligence of the association is not limited to whether, after allowing Schaeffer to enter, the bartender failed to use reasonable care to protect or warn the plaintiff. It may also have been found negligent if the bartender failed to exercise reasonable care in re-admitting Schaeffer to the premises under circumstances which prevented the necessary control of his actions or precluded such a timely warning to the plaintiff as would enable him to avoid the threatened harm.
 

 
 *288
 
 1 Moreover, .the trial judge, himself phrased the is-1 sue too narrowly when he charged, in effect, that.a finding against the association-would require findings (1). that. Schaeffer was intoxicated and (2) that the bartender could reasonably, have .known when the. buzzer.rang five or six minutes after Schaeffer had left that it was Schaeffer returning again. .. ..
 

 We find nothing in the charge prejudicial to the appellee. .If. there is .anyone who has. a right to complain of the charge, .it is the plaintiff.. For example, the court withdrew from the jury any right to find that the bartender had a duty to act in the event that, even if Schaeffer was' not intoxicated, his conduct, indicated an intention to assault the plaintiff.'
 

 4... The court below also said that the failure of-the trial judge ..to define proximate cause was prejudicial error. The court. charged, inter alia: “If he was under -the influence ’ [.of ■ intoxicating beverages], was that- the proximate cause of his returning after leaving the building and hitting Gombar? Or was-the proximate cause of his doing ■ that his own ill will toward Gombar, which had apparently had its inception a couple of years before?”
 

 This is apparently an indication that, an attack by Schaeffer out of long standing ill-will, rather than intoxication, would relieve the defendant association of liability, based upon its failure to. take reasonable measures to protect or warn him. Neither the personal ill-will of Schaeffer nor the fact that there would have, been no injury without Schaeffer’s tortious conduct serves to. insulate the association -from liability for its negligence. In. the. .first place, its liability is based on a duty to protect one patron-from-the hostile acts of another. ■ It is not based upon a master and servant relationship which might render it immune with respect to an injury inflicted by its servant out of personal ill-will or malice. In
 
 the
 
 second place,
 
 the
 
 
 *289
 
 threatened tortions act of Schaeffer was the very thing that created the association’s duty and his carrying out of the threat, far from immunizing the association from responsibility, made it liable for failure to perform its duty.
 

 Under the plaintiff’s evidence, there was a direct 'causal relation between the defendant association’s negligence and the plaintiff’s injury. There is nothing in the situation to raise the issue of proximate causation, i.e., whether the plaintiff’s injury, although resulting from the association’s negligence, was such an unusual or remote result that it should be relieved of liability. The effect of injecting proximate cause into the charge could only be to place upon the plaintiff the burden of proving something beyond the fact that the defendant’s negligence caused his injury. The trial judge’s failure to define proximate cause may have prevented his mention of it from carrying any meaning to the jury other than ordinary factual causation and thus rendered the reference to it harmless error as to the plaintiff. But certainly the appellee was not entitled to have the error magnified by having such a definition given to the jury.
 

 5. The association finally complains that the jury verdict against Schaeffer and itself was improper because by imposing an obligation on “each to pay the sum of $2500, a total of $5,000”, the verdict prevents it from recouping from Schaeffer what it is compelled to pay the plaintiff.
 

 Although there is no master and servant relationship between the association and Schaeffer and it is not vicariously liable for his act, nevertheless its liability is a secondary one based upon its failure to prevent Schaeffer’s assault upon the plaintiff. It is, therefore, entitlted to be indemnified by Schaeffer, whose assault actually inflicted the harm, for any amount paid by it to the plaintiff under this verdict.
 
 *290
 
 Restatement, Restitution, §94 (1937); cf.
 
 Newman v.
 
 Shreve, 235 Pa. 450, 84 A. 435 (1912) and
 
 Breisch v. Leitzel,
 
 22 Pa. Superior Ct. 25 (1903). However, this verdict does not preclude such indemnification.
 

 If the verdict is interpreted as a finding that the plaintiff’s damages amounted to $5,000 for which the defendants were each to be severally liable for one half, this division of liability would be improper. The association, however, is not prejudiced by the verdict as rendered. If the jury had found Schaeffer and the association jointly and severally liable for $5,000, as it could have, the latter would have been responsible to the plaintiff for the full amount, with a right over against Schaeffer for what it actually paid to the plaintiff. Under the verdict as it now stands, it is liable only for $2500, still retaining a right of indemnity against Schaeffer for what it pays to the plaintiff. To the extent that fifty per cent of the risk of Schaeffer’s possible inability to pay has been shifted to the plaintiff, it is he rather than the association who is prejudiced, although he makes no, complaint in this respect.
 

 The order of the court below is reversed and the judgment is entered upon the verdict in favor of the plaintiff.
 

 Weight and Woodside, JJ., would affirm on the opinion of Judge Readingee for the court below.