## Lemley v. Pizzica

*Sanford S. Finder, Vincent R. Massock* and *Samuel L. Rodgers,* for plaintiffs.

*Devore & Hoffman* and *Francis H. Patrono,* for defendant.

SWEET, P. J., July 21, 1964.—Lemley sued Pizzica in trespass claiming that defendant had blocked Dry Run in Monongahela in such a way that extensive flood damage to automobiles, personal property, land and buildings resulted. We have not come to the merits of this matter, which allegedly involved the creation of a valley type hole 25 feet deep and 150 feet wide and caused $39,366 of property damage, because of a procedural complication which must first be resolved. The land, the buildings and the automobiles apparently belonged to Lemley Motors Inc. which assigned its claim for a good and valuable consideration to the principal stockholder and real owner, Allen B. Lemley. Pizzica has taken preliminary objection, contending that the assignment was invalid and ineffective. Oddly enough, both parties described the question here involved in almost identical language: "May the plaintiff, as assignee of a corporation in which he was the principal

stockholder and chief executive officer, bring an action in trespass for negligent injury to real estate and personal property."

The assignability of a cause of action in tort has vexed the courts of Pennsylvania for some time. It has been held, for instance, that a wrongful death case is not assignable: Marsh v. Western New York & Pennsylvania Railway Co., 204 Pa. 229 (1903). Justice Potter here may have said more than enough to decide the case when he said, "The claim is at most one for unliquidated damages in an action sounding in tort, and is therefore under the authorities, not capable of assignment before verdict." More recently in Tugboat Indian Co. v. A/S Ivarans Rederi, 334 Pa. 15 (1939), the Supreme Court said, . . . "Neither is it an action based upon . . . assignment of . . . claim, plaintiff evidently realizing that unliquidated damages in tort cannot be assigned." Judge Wright of the Superior Court, while President Judge of Bedford County, said in Seaboard Commercial Corp. v. Bardell, 49 D. & C. 300 (1943), that a right of action in trespass for injury done to personal property is not assignable nor subject to an attachment execution before verdict. The Seaboard case was an ordinary motor vehicle collision in which a third party sought to garnish a property damage plaintiff's verdict.

There are a variety of other claims sounding in tort which apparently cannot be assigned: deceit in a sale, Shoemaker v. Keely, 2 Dallas 213 (1793); malicious abuse of process, Sommer v. Wilt, 4 S. & R. 19 (1818); excessive distress, O'Donnel v. Seybert, 13 S. & R. 54 (1825); false imprisonment, Patten v. Wilson, 34 Pa. 299 (1859); discrimination against a shipper in railroad rates, Sensenig v. Pa. Railroad Co., 229 Pa. 168 (1910); damages against a railroad company for excessive taking, Selheimer v. Elder, 98 Pa. 154 (1881); ordinary personal injury, Sniderman v. Nerone, 136

Pa. Superior Ct. 381, affd. 336 Pa. 305 (1939).

On the other hand there is a good deal of authority that many kinds of tort claims are assignable, and the distinction between assignability and non-assignability is quite complex. The distinguished Chief Justice Gibson had occasion to consider this in North v. Turner, 9 S. & R. 244 (1823). He held that a tort action in the nature of trespass de bonis asportatis was assignable. "There are undoubtedly some injuries which so peculiarly adhere to the person of him who has suffered them, as to preclude an assignment of his claim to compensation for them . . . But this does not hold with respect to a trespass committed against a party's goods, the remedy for which survives to the personal representative by the statute 4 Edward 3 c. 7; which clearly shows that such a cause of action is separable from the person of the owner." It was held in Monongahela National Bank v. Overholt, 96 Pa. 327 (1880), that the right of action to recover double the amount of usurious interest paid to a National Bank is an assignable right of action. Although this is almost a penal action, the Supreme Court considered this right to be assignable. "Nor is the right limited to the person who paid the excessive interest, for it may pass to his legal representative; and in this respect it is not treated as a penalty, or tort to the person."

Evans v. Greenwood, 21 Dist. R. 879 (1909), Lancaster Co., in a suit for negligent damages to a horse and wagon resulting from a road collision held that an action for damages for negligence resulting in injury to property is assignable. So also in a motor vehicle case was the holding in Continental Auto Insurance Assn. v. International Motor Co., 3 D. & C. 504 (1923), from Lehigh Co. decided by Reno, J.

A well considered note at 15 Univ. of Pitt. Law Review 123 (1954), Assignment of Tort Claims in Pennsylvania reaches the following conclusions:

" 'A right of action ex delicto is assignable only where it would survive to the personal representative of the party entitled to sue, except as to the extent this rule has been changed by statute.' By applying this test, the following conclusion seems valid: 'A right of action in tort for injury to one's property or estate is generally assignable.' It should be emphasized, however, that the test can be applied only to those actions which would have survived at common law, and does not allow assignment of actions which survive only by virtue of a statute. With this restriction, it is apparent that actions for such torts as trespass de bonis asportatis, or for tortiously obtaining money, or for negligence of a defendant resulting in injury to personal property, or for failure of a common carrier to provide shipping facilities when it is its duty to do so, or for trespass on or injury to lands as by wrongful cutting and carrying away timber are properly assignable. On the other hand, the test would prevent assignments of claims such as personal injuries caused by negligence of a defendant, by discrimination in freight charges, or by malicious abuse of process, or by excessive distress, or by false imprisonment."

3 P. L. E. 154, says in the black letter text, "A right to damages for a tortious injury to property may be assigned, even though the tort is a personal one."

Hutchison v. Ash, 1 Lyc. 1 (1949), held *inter alia* that a cause of action for wrongful entry and carrying away timber is assignable. Judge Charles S. Williams made the significant observation: "The trend of judicial decisions as to the assignability of certain causes of action is to enlarge, rather than to restrict the causes that may be assigned." See also 6 C. J. S. 1082; also Breisch v. Leitzel, 22 Pa. Superior Ct. 25 (1903).

Our own court had occasion to consider this question in 1934. It was decided by Brownson, J. P. Hughes

and Gibson, JJ., in Moffit v. Vesta Coal Co., 17 Wash. Co. 204 (1936), that damages for a tortious injury to property could be assigned and an action to recover them could be prosecuted for the benefit of the assignee as use plaintiff. So also in Maxon v. Chaplin, 9 D. & C. 2d 649 (1956), Cambria County, it was held that causes of action for unliquidated damages occasioned by injury to real property are assignable at any time. The court there said that if survivability is the test of assignability, it is met, pointing to section 601 Fiduciaries Act, 20 PS §320-601. Judge Griffith reviewed most of the cases cited in the briefs before us, and held squarely for assignability of a claim arising out of strip mining. See also §547 Restatement, Contracts and comments there.

In view of all the foregoing we are inclined to believe that the damages here alleged which relate to automobiles, to land, to miscellaneous tangible personalty and for business interruption are assignable. Defendant is concerned and rightly so with the dangers of champerty and maintenance. There are two answers to this, (1) There is no hint of champerty here where the assignee, Allen Lemley, is the principal stockholder and chief executive officer of the assignor, Lemley Motors; (2) There would be more risk of champerty in the assignment of eminent domain cases. Superior Court held in Barron's Use v. United Railway Co., 93 Pa. Superior Ct. 555 (1928), that a claim for compensation arising in eminent domain concerns land and is not so peculiarly inherent in the person as to preclude its assignment. Many other cases are in accord. Holding these views of the law as we do, we are obliged to make the following order:

And now, July 21, 1964, the preliminary objections of defendant are dismissed and in view of the imminence of the bar vacation, defendant is given 45 days to file a responsive answer if it so desires.