Mike, Appellant, *v.* Lebanon Miridites League.

Argued March 17, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John G. Good, Jr.,* with him *Ray and Good,* for appellant.

*Harold F. Reed, Jr.,* with him *Robert L. Orr,* and *Reed, Orr & Reed,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 19, 1966:
Sam Mike was a member of the Lebanon Miridites League, a social organization which maintained a club-

room where intoxicating beverages were available to members. While in the clubroom, Mike was injured when thrown to the floor as he attempted to stop a fight in which several members of the organization were engaged.

The League did not have a bartender present to dispense the drinks and supervise the operation of the clubroom; rather, the customary practice was for each member to prepare his own drink and place the payment therefor in the cash register. Pursuant to the League's bylaws and in compliance with the Pennsylvania Liquor Code (Act of April 12, 1951, P. L. 90, §403(c), 47 P.S. §4-403) the Board of Directors had appointed a bar manager. He, however, was not present the night of the injury, and from the self-service custom it appears that he was often not present.

At the trial the court entered a compulsory nonsuit. Mike filed a motion to take off the nonsuit which the lower court refused. He appeals from the judgment entered after the refusal order.

Mike argues that the lower court erred because, he says, the League had a duty to provide a bartender to supervise the conduct of the persons in the clubroom. The contention is that the duty of a club to its members is that of a possessor of land to a business visitor, and that in places where intoxicants are dispensed such duty requires protecting the patron by having a bartender present.

Without deciding whether the duty of the League to Mike was that owed to a business visitor or some lesser standard of care, we have concluded that even if the relationship were such as to impose the higher duty the lower court did not err in entering the nonsuit.

While it is true that the proprietor of a bar open to the public has an obligation towards a business visitor to keep the place orderly and well policed by hiring

a bartender and instructing him to that effect, *Howard v. Zaney Bar,* 369 Pa. 155, 85 A. 2d 401 (1952), this duty does not necessarily apply as between a club and its members. A taproom proprietor may be unaware of the disposition or propensities of his clientele. However, a private club composed of a limited membership, which must investigate applicants before admitting them to the organization (Act of April 12, 1951, P. L. 90, §102, 47 P.S. §1-102), and which may provide procedures to remove errant members from its roles is capable of determining from its own experience whether or not the presence of a bartender is necessary. Certainly where there is no evidence of similar prior conduct in the clubroom, this club should not be found negligent for failing to provide supervision. *Gombar v. Schaeffer,* 202 Pa. Superior Ct. 282, 195 A. 2d 527 (1963), relied upon by appellant to show that the League had a duty to protect Mike is clearly distinguishable. In that case a patron struck the plaintiff after being readmitted to the clubroom by the bartender present in the club. The patron was previously expelled from the clubroom for threatening plaintiff and this had been explicitly brought to the bartender's attention. In *Gombar,* the bartender obviously was aware of the patron's hostile intent whereas here there was no prior altercation shown. Most important, because of the bartender's presence in *Gombar,* plaintiff therein could have relied upon protection by him. Having undertaken the obligation of protection by providing a bartender, the club in the *Gombar* case was liable for his failure to fulfill that duty to the plaintiff who had remained at the bar.

Moreover, the law is clear that Mike cannot gain redress for his injuries from the League because he assumed the risk of such harm as would be proximately related to the failure to provide supervision. Considering the duty to supply supervision to be that of a pos-

sessor of land, the law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee. *Yania v. Bigan,* 397 Pa. 316, 155 A. 2d 343 (1959), Restatement 2d, Torts, §§343, 343A.

Certainly it was reasonable for the League to believe that the condition was obvious to Mike. He voluntarily entered the clubroom when as a member of the League he knew from repeated past experience that there would be no bartender, and he remained therein on this occasion when he could see that none was present.

Judgment affirmed.

Mr. Justice EAGEN concurs in the result.

Mr. Justice ROBERTS concurs in the result solely on the ground that the record reveals no negligence on the part of appellee.