## Bahoric, Appellant, *v.* St. Lawrence Croation, No. 13 of Steelton.

Argued May 23, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

John A. Roe, with him *Middleton & Roe,* for appellant.

*John C. Dowling,* with him *Huette F. Dowling,* and *Dowling and Dowling,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 30, 1967:

Plaintiff appeals from the judgment on the record which the Court below entered in favor of the defendant.

Plaintiff instituted an action of trespass against the St. Lawrence Croation Club for injuries received by plaintiff on April 28, 1964, after playing pool at the Club with a fellow Club member. While engaged in a slight barroom brawl with George Ribyan, Ribyan vigorously pushed plaintiff off a stool at the bar, causing him to suffer a fracture of his right hip. Plaintiff alleges that the defendant Club was negligent in failing to take the necessary precautions to protect him from harm by one of its members.

The trial commenced on October 21, 1965; on October 25, 1965, after the jury seemed hopelessly deadlocked, it was discharged by the Court. Thereafter the lower Court granted defendant's motion for judgment on the whole record.

In considering an appeal from the entry of a judgment on the record, the evidence and all reasonable inferences therefrom must be considered in the light most favorable to the appellant. *Lombardo v. Gasparini Excavating Co.,* 385 Pa. 388, 123 A. 2d 663; *Maloney v. Madrid Motor Corporation,* 385 Pa. 224, 122 A. 2d 694; *Harris v. DeFelice,* 379 Pa. 469, 109 A. 2d 174; *Lambert v. Pittsburgh Railways Co.,* 405 Pa. 364, 175 A. 2d 870. Plaintiff entered defendant's bar around 8:00 P.M. on April 28, 1964. After drinking some whiskey and beer he began playing pool with Ribyan. While they were playing, plaintiff noticed that Ribyan had touched a pool ball with his stick in an improper manner. When this act was repeated plaintiff indicated to Ribyan that he did not like it,

but nothing further was said. After finishing the last game, the two men went to the bar and began to drink beer. While at the bar an argument ensued concerning plaintiff's accusations that Ribyan had cheated during the pool game. When defendant's bartender, Krovic, saw the two men holding each other's wrists, he came around to the front of the bar and told them to "break it up." They seemingly calmed themselves and plaintiff indicated to Krovic that everything was all right. After Krovic returned to the back of the bar, he noticed that the two men were grappling again, so' he immediately turned to go back to the front of the bar. After Krovic had taken only two or three steps Ribyan pushed plaintiff off the barstool causing plaintiff to fall to the floor and severely injure his hip. Plaintiff testified that at no time was he threatened by Ribyan and that he had no idea that he was going to be shoved or pushed.

We agree with the lower Court that the evidence did not establish a prima facie case of negligence. The owner of a bar or inn is not an insurer of the safety of its customers or members and is liable only for negligence, i.e., the lack of reasonable care under the circumstances. *Howard v. Zaney Bar,* 369 Pa. 155, 85 A. 2d 401; *Mike v. Lebanon Miridites League,* 421 Pa. 217, 218 A. 2d 814. An analysis of the evidence in the instant case fails to establish that the defendant Club through the conduct of its bartender violated its duty to exercise due care to protect the plaintiff. The original argument between plaintiff and Ribyan had ended and plaintiff himself had indicated to the bartender that everything was all right. Furthermore, plaintiff testified that he did not believe he was in danger and it would certainly be strange for this Court to charge knowledge of danger to the bartender when plaintiff himself was unaware of its existence. Finally, the evidence indicated that it was approximately one-half

minute from the time the bartender had returned to his post until the plaintiff was pushed to the floor. The lower Court was undoubtedly correct in entering a judgment in favor of the defendant.

Judgment affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.