## Herron *v.* Silbaugh, Appellant.

340

Argued October 1, 1969.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Robert L. Ceisler,* with him *Patrono, Ceisler and Edwards,* for appellant.

*Lawrence R. Zewe,* with him *Martin, Zewe & Fergus,* for appellee.

OPINION BY MR. JUSTICE JONES, January 9, 1970:

Nell G. Herron (plaintiff), as Administratrix of the Estate of her deceased husband, Clifford M. Herron, instituted a trespass action in the Court of Common Pleas of Washington County to recover damages arising out of a collision between a motor vehicle operated by Clifford M. Herron and an unmarked police car operated by defendant, Reu P. Silbaugh, a state police officer. In that action Silbaugh was named defendant, and Silbaugh brought into the action as an additional defendant, W. Franklin Harkey. After trial by a jury, a verdict in the amount of $25,000 was returned in plaintiff's favor against Silbaugh and Harkey was absolved of liability. The court denied Silbaugh's motions for judgment n.o.v. and a new trial, subject to a remittitur of $5,000.[1] Silbaugh now appeals from the judgment, as remitted, which was entered on the verdict.

---

[1] President Judge SWEET filed a dissenting opinion.

The accident occurred on December 24, 1964, at about 4:00 p.m. Officer Silbaugh was operating a radar unit on Route 19, a four-lane, divided highway with a fifty-mile per hour speed limit. At approximately 4:00 p.m., a light-colored Dodge,[2] traveling at normal speed in the right-hand, northbound lane, passed Silbaugh's position. Moments later, Silbaugh observed a dark blue Dodge pass by at seventy miles per hour. Silbaugh immediately gave chase, pulling into the left-hand, northbound lane and accelerating to eighty miles per hour. Silbaugh's unmarked police car was not equipped with a red flashing "bubble light," but its headlights and four-way flashers were in operation. The car had a standard police siren which Silbaugh did not use.

As Silbaugh approached the aforementioned light-colored Dodge, the Dodge veered slightly to its left—towards the lane in which Silbaugh was driving. Silbaugh reacted by applying his brakes hard, as the consequence of which he lost control, straddled the divider, which was eight to ten inches high, and then skidded sideways in a northerly direction into the southbound lanes—colliding with the vehicle driven by plaintiff's decedent, Clifford M. Herron. Herron had seen Silbaugh lose control and was practically stopped, in the right-hand, southbound lane, when the collision took place.

The first contention made by Silbaugh on this appeal involves the court's instructions to the jury. The Vehicle Code (Act of April 29, 1959, P. L. 58, §1002(f), 75 P.S. §1002(f.)) exempts police vehicles from speed restrictions under certain circumstances, as follows: "The speed limitations set forth in this section shall not apply to vehicles, when operated with due regard for safety, under the direction of the police in the

---

[2] Owned and operated by W. Franklin Harkey, additional defendant.

chase or apprehension of violators of the law, or of persons charged with or suspected of any such violation. . . . The exemption shall not, however, protect the driver of any such vehicle from the consequences of a reckless disregard of the safety of others." In accordance with this statute, the trial judge explained to the jury that Silbaugh could only be held liable if he acted "in reckless disregard of the safety of another," and that he could not be held liable if he had merely been negligent. See: *Horsham Fire Co. v. Fort Washington Fire Co.*, 383 Pa. 404, 406, 119 A. 2d 71, 72 (1956).

The plaintiff's complaint in this action averred that the acts alleged therein constituted "negligence." The complaint was never amended, but Silbaugh now contends that, because the trial judge instructed the jury with respect to "reckless disregard," there was an *effective* amendment. Silbaugh claims that the trial judge erred in this respect because such an amendment would have been barred by the statute of limitations if proposed by the plaintiff. *See Saracina v. Cotoia*, 417 Pa. 80, 208 A. 2d 764 (1965) ; *Schaffer v. Larzelere*, 410 Pa. 402, 189 A. 2d 267 (1963) ; *Cox v. Wilkes-Barre Ry. Corp.*, 334 Pa. 568, 6 A. 2d 538 (1939) ; *Herz v. Pennsylvania R. R.*, 302 Pa. 324, 153 A. 686 (1931). However, this issue is raised for the first time on this appeal and, therefore, is not properly before this Court. *E.g., Commonwealth v. Scoleri*, 432 Pa. 571, 248 A. 2d 295 (1968) ; *Leech v. Jones*, 421 Pa. 1, 218 A. 2d 722 (1966) ; *Enfield v. Stout*, 400 Pa. 6, 161 A. 2d 22 (1960).

At no time prior to the instant appeal did Silbaugh question the propriety of this aspect of the charge. In point of fact, the record indicates that Silbaugh himself acted under the impression that the issue of "reckless disregard" had been sufficiently raised by the complaint. At the close of the plaintiff's presentation of testimony, Silbaugh moved for a compulsory nonsuit

on the grounds that the evidence presented did not establish that he had acted recklessly and that the law required such a degree of proof in this action. At no time prior to this appeal did Silbaugh aver that the pleadings failed to state a claim upon which relief could be granted because they only alleged *negligent* conduct. Silbaugh was aware throughout the trial of the exact nature of his burden, and he cannot now claim to have been prejudiced, unduly or otherwise, by any misapprehension as to the nature of plaintiff's claim. Accordingly, this matter not having been raised in the court below, it may not properly be argued on appeal.[3]

The second point raised by Silbaugh is whether there was sufficient evidence presented to permit the jury to find that he acted in reckless disregard of the safety of others. It is axiomatic that where a trial court has entered judgment on a jury verdict, the evidence, with all reasonable inferences deducible therefrom, must be viewed in the light most favorable to the verdict winner. *E.g., Bahoric v. St. Lawrence Croation, No. 13 of Steelton,* 426 Pa. 90, 230 A. 2d 725 (1967); *Reardon v. Meehan,* 424 Pa. 460, 227 A. 2d 667 (1967). Officer Silbaugh's testimony indicates that, immediately before the collision, he was traveling eighty miles per hour in the left-hand lane, with his headlights on and his parking lights flashing (it was still daylight and visibility was clear), when he approached the car driven by the additional defendant, Harkey. In conceded direct violation of state police regulations, Silbaugh was

---

[3] Parenthetically, we note that, although the issue is not properly before us, it may be questionable whether the pursuit of a speeding automobile is such an emergency as to exempt a police officer from liability for acts which were negligent, but which were not committed in reckless disregard of the safety of others. *Roadman v. Bellone,* 379 Pa. 483, 108 A. 2d 754 (1954); *Cavey v. Bethlehem,* 331 Pa. 556, 1 A. 2d 653 (1938).

not using his siren. Harkey testified that he was driving in the right-hand lane between thirty-five and forty miles per hour and that the first notice he had of Silbaugh's presence on the road was when he heard the crash behind him. He further testified that, although he may have veered slightly to his left, he definitely did not move into the left-hand lane. Thus, although Silbaugh was travelling in an unmarked car at twice the speed of the car he was approaching (closing with that car at roughly sixty feet per second), he chose not to use his siren to give warning of his presence. In addition, when he saw Harkey's car move slightly to the left, within the twelve-foot wide right-hand lane, Silbaugh overreacted so as to lose control of his pursuit car and cross the divider strip, colliding with the car driven by plaintiff's decedent.

We find that these facts amply support the decision of the trial judge to submit this question to the jury. Silbaugh's speed would not, by itself, support the verdict in this case. However, a jury might properly have found that Silbaugh did not give adequate warning to the driver of other cars (specifically, to Harkey) of the fact that he was in pursuit of a speed violator. Moreover, Silbaugh did not offer any explanation of circumstances which might have necessitated his decision not to use his siren. The jury was properly permitted to find that this decision created an unreasonable risk that bodily harm would thereby result to another person, and that it was highly probable that such harm would ensue. In fact, the very reason why police cars are provided with sirens is to avoid the possibility that there might be an accident such as the one which occurred in this case.

The third and final question raised by Silbaugh is whether the damages awarded, $20,000, were excessive.[4]

---

[4] Although plaintiff's decedent, Clifford Herron, died less than four months after the collision, the jury found his death to have

It is well settled that this Court will not interfere with the trial court's exercise of discretion in considering the amount of damages awarded, unless there is a clear abuse of discretion. *Guzman v. Bloom,* 413 Pa. 576, 198 A. 2d 499 (1964); *Skoda v. West Penn Power Co.,* 411 Pa. 323, 191 A. 2d 822 (1963); *James v. Ferguson,* 401 Pa. 92, 162 A. 2d 690 (1960); *Schultz v. Pivar,* 370 Pa. 271, 88 A. 2d 74 (1952); *Ensor v. Pennsylvania R. R.,* 306 Pa. 451, 159 A. 872 (1932).

Our examination of the record reveals no clear abuse of discretion on the part of the lower court. The jury might properly have found that Mr. Herron suffered the following injuries as the result of the accident: his left arm was extensively lacerated; a bag of fluid developed in his left elbow, causing him severe pain; his face was swollen and discolored; he suffered a cerebral concussion; he had to undergo two operations for the removal of glass particles; and he had become very nervous and apprehensive about his condition. The evidence supports an award of $2,929.43 for out-of-pocket expenses (medical bills and lost wages). Thus, $17,070.57 of the award must be allocated as compensation for Mr. Herron's pain and suffering with respect to the above injuries. We do not find this award to be so excessive as to compel a further reduction.

Judgment affirmed.

---

been unrelated to the accident. Accordingly, no damages for wrongful death are included in this $20,000 figure.