**McGraw v. El Rancho Club**

*Joseph F. Mulcahy, Jr.,* for plaintiff.
*Ralph B. D'Iorio,* for defendant.
*Joseph A. Damico, Jr.,* for additional defendants.

DIGGINS, J., April 22, 1970.—The instant matter is before the court for determination of defendant's motion for summary judgment. Plaintiff, Thomas James McGraw, instituted an action in trespass against defendant, El Rancho Club, arising from an occurrence which transpired on March 4, 1965, at approximately 3:30 a. m. In his complaint, plaintiff alleged that while he was a patron at defendant's "after hours' club," he was assaulted by three other patrons by reason of which he sustained injury to his person.

Plaintiff's averments of defendant's negligence are varied in character, viz., that defendant, inter alia, was negligent in permitting the three patrons to remain on the premises after their conduct became aggressive; in failing to restrain the said patrons; in failing to evict the said patrons after a first attack upon plaintiff; in failing to maintain a staff adequate to police the premises; in permitting undesirable, unruly and dangerous persons to patronize the subject facilities; and in furnishing its patrons with intoxicating beverages in quantities greater than that permitted by law. In essence, however, plaintiff's allegations may be categorized as being twofold in nature, i. e., (1) failure to properly protect plaintiff from the subject patrons, and (2) furnishing its patrons with intoxicating beverages in quantities greater than that permitted by law.

In due course, defendant, El Rancho Club, joined Richard Hill, Kenneth Hill and John T. Hartman as additional defendants, averring that they were plaintiff's assailants. The additional defendants filed an answer to defendant's complaint in which they averred, under new matter, that plaintiff, on June 28, 1965, executed a release in their favor relative to the instant cause (a copy of the release was attached to the pleading). The consideration for the release was $900. The presence of the executed release was further corroborated by an interrogatory addressed to plaintiff by defendant with the qualification that the release was "with the understanding that the El Rancho Club would not be released from liability." An analysis of the subject release discloses that it is in a general form but contains the following provision:

". . . (it being my intention that this Release shall have the same force and effect as the Release in the case of Killian v. Catanese, 375 Pa. 593 (1964) . . ."[1]

As a consequence of the aforesaid, defendant filed a motion for summary judgment in its favor, contending therein that the aforesaid release constituted, in law, a release of defendant, El Rancho Club, and was a bar to any further prosecution. For the reasons which hereinafter appear, we are of the opinion that defendant's motion, at this juncture, must be dismissed.

Defendant contends, in essence, that defendant and additional defendants are not joint tortfeasors and, therefore, that the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082, has no application. In this event, defendant argues, the common-law rule is applicable and, under the doctrine of Thompson v. Fox, 326 Pa. 209, the release by plaintiff of additional defendants results

---

[1] This provision, in our opinion, was intended by the parties to the release to effect a joint tortfeasor release.

in the release of defendant as well. Defendant urges that the alleged negligence of additional defendants was "active" whereas that of defendant was "passive," in which event (save the release) additional defendants would be primarily responsible to plaintiff and defendant only secondarily responsible to plaintiff with a consequent right to indemnity from additional defendants. In this regard, defendant places primary emphasis upon Gombar v. Schaeffer, 202 Pa. Superior Ct. 282. There, plaintiff commenced an action against defendant, Schaeffer, for assault and battery and against the Home Association for negligence in failing to protect him, as its patron, from the assault. The jury rendered a verdict in favor of plaintiff against both defendants "each to pay the sum of $2500, a total of $5,000." The court said, at pages 289-90:

"Although there is no master and servant relationship between the association and Schaeffer and it is not vicariously liable for his act, nevertheless its liability is a secondary one based upon its failure to prevent Schaeffer's assault upon the plaintiff. It is, therefore, entitled to be indemnified by Schaeffer, whose assault actually inflicted the harm, for any amount paid by it to the plaintiff under this verdict. Restatement, Restitution, §94 (1937); cf. Newman v. Shreve, 235 Pa. 450, 84 A. 435 (1912) and Breisch v. Leitzel, 22 Pa. Superior Ct. 25 (1903). However, this verdict does not preclude such indemnification."[2]

An application of the aforesaid doctrine to the instant case would be proper *if* the sole factual issue here present concerned defendant's failure to properly protect plaintiff from the assaulting patrons. However, a remaining factual issue confronts us, i. e., the

_____

[2] Defendant also cites Brown v. Pittsburgh, 409 Pa. 357, and George v. Brehm, 246 F. Supp. 242, for the proposition that the release of one primarily liable releases and discharges one who is secondarily liable.

furnishing of intoxicating beverages to patrons in quantities greater than that permitted by law. An analysis of Gombar, supra, indicates that the court did not fully distinctly consider this factual and legal circumstance in reference to the issue here presented. Moreover, in Corcoran v. McNeal, 400 Pa. 14, the Supreme Court appears to have drawn a distinction in the responsibility and liability which might attach in the relationship between a tavern owner and a patron. The court said, at pages 18-19:

". . . His accountability for the harm done Corcoran attaches because the jury found he had failed in two important responsibilities: One, he neglected to protect his patrons from foreseeable damage inflicted by intoxicated and unruly persons in his establishment; and two, he, through his bartender, served intoxicating liquor to a visibly intoxicated patron at his bar.

"The Act of April 12, 1951, P. L. 90, §493, 47 PS §4-493(1), provides: 'It shall be unlawful: (1) for any licensee of the board, or any employe, servant or agent of such licensee of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given *to any person visibly intoxicated* . . .' (Italics supplied)"

Thus, it appears to us that defendant's motion has substantial merit if the sole factual issue concerned defendant's alleged failure to properly protect plaintiff. However, the second alleged factual issue, i. e., furnishing patrons with intoxicating beverages in quantities greater than permitted by law, presents a further issue of fact which requires that defendant's motion be dismissed in accordance with the established rule that a motion for summary judgment (filed pursuant to Pa. R.C.P. 1035) cannot be granted if a genuine issue as to a material fact exists: Linwood

Harvestore, Inc. v. Cannon, 427 Pa. 434. In this regard, it is suggested and recommended that, at trial, special interrogatories be submitted to the jury for determination and answer so as to frame the factual issues hereinabove discussed.

Accordingly, we enter the following

## ORDER

And now, April 22, 1970, upon consideration of the record and briefs filed on behalf of the respective parties relative to the above-captioned matter, and after argument, it is ordered, adjudged and decreed that the motion for summary judgment filed on behalf of defendant, El Rancho Club, be and the same is hereby dismissed.