**Seitz v. Smith**

*Daniel W. Shoemaker,* for plaintiffs.
*Robert M. Strickler,* for defendant.

BLAKEY, J., July 26, 1974.—This matter is before the court en banc on plaintiffs' motions for judgment n.o.v. and for a new trial following jury trial before the late Judge Atkins. This opinion is written on behalf of the court en banc.

The litigation followed an action of the intersection of Stuart and Stony Brook Drive on June 12, 1969. This intersection did not have traffic controls and is in a residential area. Defendant was operating a motor vehicle on Stuart Drive in an easterly direction at approximately 35 miles per hour. The minor plaintiff was riding a bicycle on Stony Brook Drive, approach-

ing the intersection from the north. He and another boy were in the left-hand lane and were racing. Defendant testified that when he was one and one-half car lengths from the intersection, he looked to his left and saw the boys and knew that they were racing but continued into the intersection looking to his right and then again to his left, at which point he first realized that a collision would occur. Then he stated that he attempted to swerve but was struck by the bicycle when his vehicle was more than halfway through the intersection. The bicycle struck the vehicle in the middle of the door on the driver's side. The minor plaintiff was slightly more than eight years of age, had just finished his second grade in school and was of average intelligence. He had operated and owned a bicycle since kindergarten. He had received instructions from his parents on operating a bicycle, also participated in playground activities involving bicycle safety. The boy with whom minor plaintiff was racing saw defendant's vehicle, shouted a warning, and was himself able to avoid impact.

The jury returned a verdict in favor of defendant. Plaintiffs' motion for judgment n.o.v. is based upon the contention that the court should have determined as a matter of law that defendant was negligent and that the minor plaintiff was not contributorily negligent. Alternatively, he argues that he should receive a new trial as the trial court improperly refused to instruct the jury that defendant was negligent so as to limit their deliberations to the issue of contributory negligence.

Plaintiffs' motion for judgment n.o.v. must be refused. We believe that the issue of contributory negligence was quite properly submitted to the jury. While there is a presumption that a child between the ages of seven and 14 is not capable of being held responsible

for negligent conduct, this presumption may be rebutted. We believe that there was sufficient evidence that the minor plaintiff was able to comprehend the danger into which he placed himself to require the jury to determine whether the minor plaintiff was not only guilty of negligent conduct but, in fact, could understand and appreciate the full consequences of what he was doing. The trial court accurately stated the guiding legal principles and, in our view, properly submitted the issue to the jury.

Plaintiffs' motion for a new trial presents a more difficult issue. Plaintiffs contend that they are entitled to a new trial as the trial court committed error when it refused to charge that defendant was negligent as a matter of law. Plaintiffs contend that defendant was obviously negligent when he observed minor plaintiff and the other boy racing their bicycles toward the intersection and continued into the same without slowing down or taking evasive action until it was too late. Defendant contends that the issue is not that clear-cut as he had the right-of-way, was only one and one-half car lengths from the intersection when he first noticed the boys, clearly entered the intersection first and was more than halfway through the same when struck by minor plaintiff. In addition, at 35 miles per hour, a speed which the jury could have determined was reasonable under the circumstances, it is clear that defendant had a very limited time to react to the situation and is not clear that an immediate effort to brake or evade would have prevented the accident.

An issue should be taken from the jury only in a clear case when the evidence, and the inferences to be drawn therefrom, considered in the light most favorable to the party against whom the decision is being made, are such that the minds of reasonable men cannot honestly differ: Lambert v. Pittsburgh Rail-

ways Co., 405 Pa. 364 (1961). The case cited by plaintiff reversed the trial court's entry of a compulsory nonsuit and stand for the proposition that the jury should have been given the opportunity to consider the matter and not the reverse. We note such cases as Thomas v. Hutchinson, 442 Pa. 118 (1971), and Brodhead v. Brentwood Ornamental Iron Company, Inc., 435 Pa. 7 (1969), which clearly demonstrate the reluctance of the courts to rule as a matter of law in favor of the party with the burden of proof in a civil case.

We conclude that plaintiffs presented a strong case to establish the negligence of defendant, but not a case that required binding instructions.

Consequently, we enter the following

### ORDER

And now, July 26, 1974, plaintiffs' motion for judgment n.o.v. and motion for a new trial are refused. We grant plaintiff an exception.

Judgment shall be entered on the verdict.